Alice **H. JOHNSON**

v.

Elliot **L. RICHARDSON,** Secretary of **Health, Education and Welfare of** the United States of America.

Civ. A. No. 16145.

United States District Court,
W. D. Louisiana,
Shreveport Division.

Nov. 3, 1972.

George F. Restovich, Caddo-Bossier Legal Aid Society, Shreveport, La., for plaintiff.

Donald E. Walter, U. S. Atty., and Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

## OPINION

DAWKINS, Chief Judge.

This is a suit by the plaintiff against the Secretary of Health, Education and Welfare, under the Social Security Act to review a final decision of the Secretary denying plaintiff's application for entitlement to a lump-sum death benefit under Section 202(i) of the Social Security Act, 42 U.S.C. § 402(i). She began her trek through the administrative jungle by filing an application for a lump-sum death payment June 20, 1969, based on the death of her husband which occurred April 12, 1943. This claim was denied initially, reconsidered, and a hearing was held, at which time the plaintiff appeared and testified. The Hearing Examiner rendered a decision holding that plaintiff was not entitled to receive the lump-sum death payment which was upheld by the Appeals Council. There was a petition filed for review in this Court; the defendant moved for summary judgment and filed a brief in sup-

port thereof. The plaintiff has never filed a brief. We therefore proceed to the merits without assistance from plaintiff.

■ It is clear that the decision was based upon the two-year limitation period contained in the statute at the time of the death. The plaintiff filed her claim twenty-six *years* after the death of her husband. The "good-cause" exception to the two-year limitation is not applicable to the plaintiff for at the time of the death this particular exception was not contained in the statute. Plaintiff's only reason for not filing sooner is lack of knowledge of this particular benefit due the survivors of wage earners.

Under the provisions of Section 205 (g) of the Social Security Act, 42 U.S.C. § 405(g), the findings of the Secretary as to any fact, if supported by substantial evidence, are conclusive and binding on this Court. We conclude that there is substantial evidence to support the Hearing Examiner's decision, which was affirmed by the Appeals Council.

■■ Plaintiff also claims that, upon the death of Ed Granville, the lump-sum payment benefit became a vested property right not subject to divestment. Furthermore, she claims that the decisions of the Secretary as applied to plaintiff constitute a denial of due process of law, a denial of equal protection of the laws, and a taking of private property for public use, without just compensation in contravention of the rights guaranteed plaintiff by the United States Constitution. The Supreme Court of the United States in Richardson v. Belcher, 404 U.S. 78, 80, 92 S.Ct. 254, 256, 30 L. Ed.2d 231 (1971), stated:

"In our last consideration of a challenge to the constitutionality of a classification created under the Social Security Act, we held that 'a person covered by the Act has not such a right in benefit payments as would make every defeasance of "accrued" interests violative of the Due Process Clause of the Fifth Amendment.'

**20**

. . . The fact that social security benefits are financed in part by taxes on an employee's wages does not in itself limit the power of Congress to fix the levels of benefits under the Act or the conditions upon which they may be paid. Nor does an expectation interest in public benefits confer a contractual right to receive the expected amounts. Our decision in Goldberg v. Kelly, 397 U.S. 254 [90 S.Ct. 1011, 25 L.Ed.2d 287,] upon which the District Court relied, held that as a matter of procedural due process the interest of a welfare recipient in the continued payment of benefits is sufficiently fundamental to prohibit the termination of those benefits without a prior evidentiary hearing. But there is no controversy over procedure in the present case, and the analogy drawn in *Goldberg* between social welfare and 'property,' 397 U.S., at 262 f. 8, [90 S.Ct. 1011, at 1017], cannot be stretched to impose a constitutional limitation on the power of Congress to make substantive changes in the law of entitlement to public benefits."

Therefore, summary judgment is granted in favor of the Secretary of Health, Education and Welfare.